**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**KRONLAGE FAMILY LP**                                **CIVIL ACTION**


**VERSUS**                                             **NO. 22-1013**


**INDEPENDENT SPECIALTY**                              **SECTION: "G"(5)**
**INSURANCE CO. et al.**


## ORDER AND REASONS

Before the Court are Plaintiff Kronlage Family LP's ("Plaintiff") "Motion to Remand"[1] (the "Motion to Remand") and "Motion to Invalidate Arbitration Provision as Void under Louisiana Insurance Law" (the "Motion to Invalidate the Arbitration Provision").[2] In the Motion to Remand, Plaintiff argues that Defendants Independent Specialty Insurance Co. ("ISIC") and Certain Underwriters at Lloyd's and other Insurers Subscribing to Binding Authority Number B604510568622021 ("Underwriters") (collectively, "Defendants") improperly removed the matter based on an invalid arbitration provision and the incorrect assumption that federal law preempts Louisiana insurance law.[3] Defendants oppose the motion.[4] Plaintiff replies to Defendants' opposition.[5]

---

[1] Rec. Doc. 7.

[2] Rec. Doc. 20.

[3] Rec. Doc. 7-1 at 2.

[4] Rec. Doc. 13.

[5] Rec. Doc. 18.

In support of the Motion to Invalidate the Arbitration Provision, which Plaintiff also describes as a "supplemental reply memorandum in support of its motion to remand", Plaintiff reiterates the arguments in support of the Motion to Remand and alleges that Defendants have now formally demanded arbitration of the insurance contract even though the arbitration provision is prohibited under Louisiana law.[6] Defendants filed an untimely opposition to the Motion to Invalidate the Arbitration.[7]

For the reasons discussed below, removal pursuant to the Convention Act, 9 U.S.C. § 201, *et seq.* (the "Convention Act"), was proper. Furthermore, Louisiana insurance law does not reverse-preempt the Convention Act. Therefore, having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the Motion to Remand. Additionally, given that the arbitration provision at issue is subject to the Convention Act, and not Louisiana law, the Court also denies the Motion to Invalidate the Arbitration Provision.

## I. Background

This litigation arises out of alleged damage to Plaintiff's property during Hurricane Ida.[8] Plaintiff filed a petition for damages against Defendants in the Twenty-Fourth Judicial District Court for the Parish of Jefferson on March 15, 2022.[9] According to the petition, Plaintiff purchased an insurance policy from ISIC on April 6, 2021, insuring the properties located at 1801 and 1809 S. Sherwood Forest Blvd., Baton Rouge, LA 70816,  against all risks of loss (the

---

[6] *See* Rec. Doc. 20-1.

[7] Rec. Doc. 24. Pursuant to Local Rule 7.5, Defendants' opposition to the Motion to Invalidate the Arbitration Provision was due on August 2, 2022. However, Defendants did not file the opposition until August 9, 2022.

[8] Rec. Doc. 1-1 at 1.

[9] *Id.*

"Policy").[10] In the petition, Plaintiff avers that, on August 29, 2021, the property covered by the Policy was severely damaged by hurricane force winds sustained during Hurricane Ida.[11]

On April 14, 2022, Defendants removed the action to this Court, asserting subject matter jurisdiction based on a federal question under 28 U.S.C. §§ 1441 and 1446.[12] In the Notice of Removal, Defendants assert that removal is proper because there is an arbitration provision in the Policy that falls under the Convention Act.[13] "Congress promulgated the Convention Act in 1970 to establish procedures for our courts to implement" the Convention on the Recognition and Enforcement of Foreign Arbitral Award (the "Convention").[14] The Convention is an international treaty, ratified by Congress in 1970, which seeks to "encourage the recognition and enforcement of commercial contracts and to unify the standard by which the agreements to arbitrate are observed, and arbitral awards are enforced in signatory countries."[15] Therefore, Defendants aver in the Notice of Removal that, because Underwriters are a foreign corporation with its principle place of business in the United Kingdom, and because the United Kingdom signed the Convention, this Court has original jurisdiction under the Convention Act.[16]

---

[10] *Id*. at 2.

[11] *Id*. at 3.

[12] Rec. Doc. 1 at 3.

[13] *Id.*

[14] *McDermott Intern., Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1208 (5th Cir. 1991).

[15] *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15 (1974).

[16] *Id.* at 3–5. 9 U.S.C. § 205 states that "where a subject matter of an action or proceeding pending in State court relates to an arbitration agreement or award falling under the Convention, … the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States and division embracing the place where the action or proceeding is pending."

Plaintiff then filed the Motion to Remand, arguing that the removal was improper because it was based on an invalid arbitration provision and relied on the incorrect assumption that federal law preempts Louisiana insurance law.[17] Defendants oppose the motion, arguing that the validity of the arbitration agreement is not relevant when deciding a motion to remand, removal under the Convention Act was proper, and Louisiana insurance law does not reverse-preempt the Convention Act.[18] In reply, Plaintiff argues that Defendants provide no evidentiary support that the Underwriters are international entities subject to the Convention and alternatively asks for the Court to treat any participating international entities differently.[19] Then, Plaintiff filed the Motion to Invalidate the Arbitration Provision, claiming that Defendants engaged in the "prohibited action" under Louisiana law of formally demanding arbitration of the dispute.[20] Defendants filed an untimely opposition to the Motion to Invalidate the Arbitration.[21]

## II. Parties' Arguments

### A.    *Plaintiff's Arguments in Support of Remand*

In the Motion to Remand, Plaintiff argues that removal was improper for two reasons.[22] First, Plaintiff contends that removal was improperly based on an arbitration provision that, on its

---

[17] Rec. Doc. 7-1 at 2.

[18] *See* Rec. Doc. 13.

[19] Rec. Doc. 18 at 1–2.

[20] Rec. Doc. 20-1 at 1.

[21] Rec. Doc. 24. Pursuant to Local Rule 7.5, Defendants' opposition to the Motion to Invalidate the Arbitration Provision was due on August 2, 2022. However, Defendants did not file the opposition until August 9, 2022.

[22] Rec. Doc. 7-1 at 2.

face, is invalid in Louisiana.[23] Plaintiff asserts that the arbitration provision is buried in the Policy and "has several requirements which do not comply with Louisiana Insurance law."[24]

Second, Plaintiff argues that Defendants' removal "relies on federal question jurisdiction that improperly assumes federal law preempts Louisiana's Insurance Law."[25] In support of this contention, Plaintiff relies on *Donelon v. Shilling,*[26] a Louisiana Supreme Court opinion which holds that state law reverse-preempts the Federal Arbitration Act ("FAA") under the McCarran-Ferguson Act.[27] Plaintiff asserts that the Convention Act is reverse-preempted by Louisiana law under the McCarran-Ferguson Act because "[e]ven defendants admit that the Convention is simply a subpart of the [FAA]."[28] Therefore, Plaintiff concludes that this Court does not have original jurisdiction over this matter.[29]

### B.    *Defendants' Arguments in Opposition to Remand*

In opposition to Plaintiff's Motion to Remand, Defendants advance three arguments. First, Defendants argue that they properly removed the case pursuant to the Convention Act.[30]

---

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] No. 2019-00514 (La. 4/27/20).

[27] *Id.* at 8, 12 (quoting 15 U.S.C. § 1012).

[28] Rec. Doc. 7-1 at 6.

[29] *See* Rec. Doc. 7 at 1; *see also* Rec. Doc. 7-1 at 7.

[30] Rec. Doc. 13 at 4.

Defendants assert that removal was proper under the Convention Act because: (1) the arbitration agreement falls under the Convention and (2) the dispute relates to the arbitration agreement.[31]

Defendants argue that the Policy's arbitration provision "falls under" the Convention because: (1) the Policy constitutes an agreement in writing to arbitrate the dispute; (2) the Policy provides for arbitration within the United States, a Convention signatory; (3) the agreement to arbitrate arises out of a commercial relationship between Defendants and Plaintiff; and (4) Underwriters is a citizen of the United Kingdom, a signatory to the Convention, and not the United States.[32]

Defendants assert that the dispute "relates to" the arbitration agreement because the Policy's arbitration provision could conceivably affect the outcome of litigation by "determin[ing] Plaintiff's rights (if any) to any insurance proceeds or extracontractual damages."[33] Therefore, Defendants conclude that removal of this matter was proper under the Convention Act.[34]

Second, Defendants argue that Plaintiff's "discussion of the invalidity of the arbitration clause in the Policy is irrelevant" because it is a merit-based argument improper for consideration on a motion to remand.[35] Defendants cite *Beiser v. Weyler*[36] to support the proposition that jurisdiction based on the Convention Act "may only be resolved on the face of the Notice of

---

[31] *Id.* at 8 (citing *Pioneer Nat. Res. U.S.A., Inc. v. Zurich Am. Ins. Co.,* 2009 WL 262030 at *5 (M.D. La. Feb. 10, 2009)).

[32] *Id.* at 9–10 (citing *Stemcor USA Inc. v. CIA Siderurgica do Para Cosipar*, 927 F.3d 906, 909-10 (5th Cir. 2019), for the elements necessary for an arbitration agreement to arise out of the Convention).

[33] *Id.* at 10. Defendants assert that this conclusion is "incontestable" because Plaintiff is claiming damages under the Policy and the arbitration provision covers all matters in dispute). *Id.*

[34] *Id*.

[35] *Id.* at 5, 8.

[36] 284 F.3d 665 (5th Cir. 2002).

Removal."[37] Defendants argue that, because "there is no appellate review of a district court's decision to remand a case . . . [if] a court considers the merits of arbitration on a Motion to Remand, a litigant will not have the right to appeal those merit arguments if the case is remanded."[38] Therefore, Defendants assert that this Court should not consider Plaintiff's merit-based argument that the Policy's arbitration provision is invalid in deciding the Motion to Remand.[39]

Third, Defendants argue that state law does not reverse-preempt the Convention Act because the McCarran-Ferguson Act does not apply to the Convention Act.[40] Defendants assert that the Fifth Circuit rejected Plaintiff's argument that state law reverse-preempts the Convention Act in *McDonnel Grp., L.L.C v. Great Lakes Ins. SE, UK Branch*[41] because "[t]he McCarran-Ferguson Act applies only to 'Acts of Congress' . . . not an international treaty."[42] Rather, Defendants argue that "the Convention is a treaty agreed upon by multiple foreign nations . . . which supersedes the McCarran-Ferguson Act."[43] Therefore, Defendants conclude that Louisiana law does not reverse-preempt federal law in this case.[44]

---

[37] Rec. Doc. 13 at 8.

[38] *Id.* (citing *Beiser*, 284 F.3d at 672).

[39] *Id.* at 17.

[40] *Id.* at 14.

[41] 923 F.3d 427 (5th Cir. 2019).

[42] Rec. Doc. 13 at 14.

[43] *Id.* (emphasis omitted).

[44] *Id.* at 5.

### C.    Plaintiff's Reply in Further Support of Remand

In the reply, rather than directly address Defendants' opposition, Plaintiff makes two additional arguments in support of remand.[45] First, Plaintiff argues that "[w]ithout any formal evidentiary support, defendant[s] claim[] that some sub-group of defendants are international entities."[46] Plaintiff concludes that this lack of evidence does not entitle Defendants to "side-step Louisiana law."[47] Second, Plaintiff argues that, because liability under the policy is several, not joint, "the Court could section off whatever international entities actually participated in the policy and treat them differently under the Convention from US based defendants."[48] Plaintiff avers that, [i]f called to do so, plaintiff would be willing to dismiss [] several claims against the up-to-now undisclosed foreign Names . . . and proceed against just the American based Names, just for the privilege of remaining in State Court."[49]

### D.    Plaintiff's Arguments in Support of Invalidating the Arbitration Provision

In support of its Motion to Invalidate the Arbitration Provision, Plaintiff makes three arguments against enforcement of the Policy's arbitration provision. First, Plaintiff argues that arbitration provision is "prohibited from Insurance policies in Louisiana by Statute, because an arbitration provision potentially deprives the courts of Louisiana 'jurisdiction or venue of the action against the insurer.'"[50] Second, Plaintiff argues that the Policy forces upon Plaintiff the

---

[45] Rec. Doc. 18.

[46] *Id.* at 1.

[47] *Id.* at 2.

[48] *Id.*

[49] *Id.* at 8.

[50] Rec. Doc. 20-1 at 2 (quoting La. Rev. Stat. § 22:868).

costs of arbitration and "strange qualifications" on the arbitrators.[51] Third, Plaintiff argues that there is no judicial economy in the Policy's arbitration provision because the arbitrators cannot award Plaintiff bad faith penalties, requiring a second trial, in addition to arbitration, on that issue in this Court.[52] Plaintiff also "reiterates and restates its arguments" in favor of the Motion to Remand.[53]

### E.   *Defendants' Arguments in Opposition to Invalidating the Arbitration Provision*

Defendant filed an untimely opposition to the Motion to Invalidate the Arbitration Provision on August 9, 2022. The Motion to Invalidate the Arbitration Provision was set for submission on August 10, 2022. Pursuant to Local Rule 7.5, any opposition to a motion must be filed "no later than eight days before the noticed submission date." Therefore, Defendants were required to file an opposition to the Motion to Invalidate the Arbitration Provision by August 2, 2022. Thus, Defendants filed the opposition after the deadline.

In the untimely opposition to the Motion to Invalidate the Arbitration Provision, Defendants reassert many of the same arguments raised in response to the Motion to Remand[54] and argue: (1) the law to be applied to the Policy's arbitration provision is for the arbitration panel to decide;[55] (2) the Policy's arbitration provision is not against public policy;[56] and (3) an

---

[51] *Id.*

[52] *Id.* at 2–3.

[53] *Id.* at 3 (citing Rec Docs. 7, 18).

[54] *Compare* Rec. Doc. 13 to Rec. Doc. 24.

[55] Rec. Doc. 24 at 3–4.

[56] *Id*. at 5.

arbitration provision preventing an arbitration tribunal from awarding punitive damages has been enforced by this Court and other courts previously.[57]

### III. Legal Standard

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[58] Unless an act of Congress provides otherwise, a defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[59] The removing party bears the burden of demonstrating that federal jurisdiction exists.[60] To determine whether jurisdiction is present for removal, the Court must "consider the claims in the state court petition as they existed at the time of removal."[61]

The Convention is an international treaty, ratified by Congress in 1970, which seeks to "encourage the recognition and enforcement of commercial contracts and to unify the standard by which the agreements to arbitrate are observed, and arbitral awards are enforced in signatory countries."[62] "Congress promulgated the Convention Act in 1970 to establish procedures for our courts to implement the Convention."[63] Under the Convention Act, "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United

---

[57] *Id*. (internal citations omitted).

[58] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[59] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc.*, 537 U.S. at 33.

[60] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[61] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[62] *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n. 15 (1974).

[63] *McDermott Intern., Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1208 (5th Cir. 1991).

States. The district courts . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy."[64]

Under the Convention Act, "[a]n arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, . . . falls under the Convention" unless it is entirely between citizens of the United States.[65] Therefore, the Convention Act states that removal is appropriate "[w]here the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention."[66]

Unlike in other removal cases, "the general rule of construing removal statutes strictly against removal 'cannot apply to [Convention Act] cases because in these instances, Congress created special removal rights to channel cases into federal court.'"[67] Thus, Courts have set a "low bar" for removal of Convention Act cases because "easy removal is exactly what Congress intended in [9 U.S.C. § 205]."[68] A federal court may determine its jurisdiction under the Convention Act "from the petition for removal, without taking evidence and without a merits-like inquiry."[69] Thus, removal is appropriate "absent the rare frivolous petition."[70]

### IV. Analysis

---

[64] 9 U.S.C. § 203.

[65] 9 U.S.C. § 202.

[66] 9 U.S.C. § 205.

[67] *Acosta v. Master Maint. & Const. Inc.*, 452 F.3d 373, 377 (5th Cir. 2006) (quoting *McDermott Int'l, Inc. v. Lloyds Underwriters of London,* F.2d 1199, 1213 (5th Cir. 1991)).

[68] *Beiser v. Weyler*, 284 F.3d 665, 674 (5th Cir. 2002).

[69] *Id.* at 672.

[70] *Id.* at 671.

Plaintiff moves the Court to remand this case, arguing that removal was improper because (1) it is based on an arbitration provision that is invalid, on its face, in Louisiana and (2) the Convention Act is reverse-preempted by Louisiana law.[71] Defendants oppose, arguing that the validity of the arbitration provision is not relevant to whether this Court has subject matter jurisdiction under the Convention Act, removal was proper pursuant to 9 U.S.C. § 205 of the Convention Act, and Louisiana law does not reverse-preempt the Convention Act.[72] In the reply, Plaintiff argues that Defendants have not provided sufficient evidence to show that "some sub-group of defendants are international entities" falling under the Convention and asks the Court to "section off" any international entities that did actually participate in the policy.[73]

## A.   *Whether Removal Based on Federal Question under the Convention Act was Proper*

Under the Convention Act, "[w]here the subject matter of an action or proceeding pending in a State court *relates to* an arbitration agreement *falling under* the Convention, [Defendants] may, at any time before the trial thereof, remove such action."[74] Thus, Courts have found that two requirements must be met for proper removal pursuant to the Convention Act: "(1) [t]here must be an arbitration agreement or award that *falls under* the Convention, and (2) the dispute must *relate to* that arbitration agreement."[75]

### 1.   The "Falls Under" Prong

---

[71] Rec. Doc. 7-1 at 2.

[72] Rec. Doc. 13 at 4–5.

[73] Rec. Doc. 18 at 1–2.

[74] 9 U.S.C. § 205.

[75] *Stemcor USA Inc. v. CIA Siderurgica do Para Cosipar*, 927 F.3d 906, 909 (5th Cir. 2019) (emphasis added).

According to the Fifth Circuit, for an arbitration agreement to fall under the Convention, the removing party must satisfy the following elements:

> (1) there must be an agreement in writing to arbitrate the dispute; (2) the agreement must provide for arbitration in the territory of a Convention signatory; (3) the agreement to arbitrate must arise out of a commercial legal relationship; and (4) at least one party to the agreement must not be an American citizen.[76]

The first three elements are not in dispute. Regarding the first element, the parties do not contest that the Policy's arbitration provision constitutes an agreement in writing to arbitrate the dispute.[77] The second element is satisfied because the Policy's arbitration provision states that "[a]ny Arbitration hearing shall take place in Nashville, Tennessee, unless some other locale is agreed by the Arbitrator or Arbitration tribunal."[78] Thus, the agreement provides for arbitration in the United States, and the United States is a signatory to the Convention. The third element is satisfied because an insurance contract constitutes a commercial legal relationship.[79]

As to the fourth element, Defendants assert in the Notice of Removal that Underwriters is a citizen of the United Kingdom. Plaintiff argues for the first time in the reply brief that Defendants failed to present any evidence to support this assertion."[80] This argument is unavailing because a federal court may determine its jurisdiction under the Convention Act "from the petition for removal, without taking evidence and without a merits-like inquiry."[81] Regardless, this issue does not appear to be seriously in dispute. Numerous courts, including this Court, have applied the

---

[76] *Id.* at 910.

[77] Rec. Doc. 1 at 2–4.

[78] *Id.* at 4.

[79] *McDonnel Grp., L.L.C v. Great Lakes Ins. SE, UK Branch.* 923 F.3d 427, 432 n.8 (5th Cir. 2019).

[80] Rec. Doc. 18 at 1–2.

[81] *Beiser,* 284 F.3d at 674.

Convention to cases where Certain Underwriters at Lloyd's was named as a defendant.[82] Thus, the fourth element is satisfied because, according to the Notice of Removal, Underwriters "is organized and maintained as a foreign corporation with its principal place of business in the United Kingdom."[83] Therefore, because all four elements are satisfied based on facts alleged in the Notice of Removal, the arbitration agreement falls under the Convention.

## 2. The "Relates To" Prong

According to the Fifth Circuit, "whenever an arbitration agreement falling under the Convention could *conceivably* affect the outcome of the plaintiff's case, the agreement 'relates to' to the plaintiff's suit."[84] The Fifth Circuit has explicitly instructed district courts not to consider the merits of the arbitration provision on a motion to remand because doing so would improperly "combine the jurisdictional and merits inquiry into a single stage."[85] Thus, this standard is interpreted broadly, such that a defendant can meet this standard in "just about any suit" asserting removal under the Convention Act "[a]s long as the defendant's assertion is not completely absurd or impossible."[86]

In this case, Defendants contend that the "relates to" prong is satisfied because "Plaintiff is claiming insurance proceeds and other extra-contractual damages under the Policy, which contains an arbitration provision that will determine 'all matters in dispute.'"[87] Thus, Defendants

---

[82] *See McDermott Intern., Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199 (5th Cir. 1991); *Franco's Athletic Club, LLC v. Davis*, No. CV 21-1647, 2022 WL 225449 (E.D. La. Jan. 26, 2022) (Brown, C.J.).

[83] Rec. Doc. 1 at 3.

[84] *Beiser,* 284 F.3d at 669.

[85] *Id.* at 671 (explaining that, if the merits of an arbitration provision are considered under a motion to remand, the decision would not be appealable).

[86] *Id*. at 669.

[87] Rec. Doc. 13 at 11.

correctly assert that the arbitration provision relates to the litigation because it will determine what rights Plaintiff has to the damages claimed.[88] As the Fifth Circuit has explained, Plaintiff's argument that removal is improper because the Policy's arbitration provision is invalid on its face incorrectly "combine[s] the jurisdictional and merits inquiry into a single stage."[89] Therefore, given the "low bar" for removal in Convention cases, and given the presence of an arbitration provision in the Policy that could *conceivably* affect the outcome of this case, the dispute relates to the Policy's arbitration provision. Because the arbitration agreement falls under the Convention and the dispute relates to that arbitration agreement, removal under the Convention Act was proper.

**B.     *Whether Louisiana Law Reverse-Preempts the Convention Act***

However, this does not end the Court's inquiry. If the Louisiana law reverse-preempts the Convention Act, as Plaintiff argues, then the case could not be removed pursuant to the Convention Act. Plaintiff asserts that Louisiana's insurance law reverse-preempts the Convention under the McCarran-Ferguson Act.[90] In support of this argument, Plaintiff relies on the Louisiana Supreme Court's holding in *Donelon* that Louisiana law reverse-preempts the FAA under the McCarran-Ferguson Act.[91] Therefore, Plaintiff reasons that Louisiana law also reverse-preempts the Convention Act because the Convention Act is simply a "subpart of the [FAA]."[92]

---

[88] *Id.*

[89] *Beiser,* 284 F.3d at 671.

[90] Rec. Doc. 7-1 at 3.

[91] *Id.* at 6.

[92] *Id.*

Plaintiff's reliance on *Donelon* is misguided. As Defendants correctly highlight, the Fifth Circuit explicitly rejects Plaintiff's reasoning in *McDonnel*.[93] There, the appellate court explained that "[t]he McCarran-Ferguson Act permits states to reverse-preempt an otherwise applicable "Act of Congress" by enacting their own regulations of the insurance industry."[94] However, the Fifth Circuit explained that the McCarran-Ferguson Act does not apply to "a treaty, such as the Convention, which 'remains an international agreement or contract negotiated by the Executive Branch and ratified by the Senate, not by Congress.'"[95] The court found this principle to apply "whether the treaty is self-executing or requires implementing legislation."[96] Therefore, the Fifth Circuit held that the Convention Act, as the Convention's implementing legislation, preempts state law.[97]

Finally, the Court acknowledges Plaintiff's Motion to Invalidate the Arbitration Provision, which argues that the Policy's arbitration provision is void under Louisiana law. However, for the reasons discussed above, the Policy's arbitration provision falls under the Convention Act and is not subject to Louisiana law. Therefore, the Policy's arbitration provision cannot be void pursuant to Louisiana law.

## V. Conclusion

---

[93] Rec. Doc. 13 at 14; *McDonell*,  923 F.3d at 432.

[94] *McDonell*, 923 F.3d at 431.

[95] *Id.* at 432 (quoting *Safety Nat. Cas, Corp. v. Certain Underwriters at Lloyd's London*, 587 F.3d 714, 723 (5th Cir. 2009)).

[96] *Id.* (citing *Safety Nat.,* 587 F.3d at 723–24).

[97] *Id.* (citing *Safety Nat.,* 587 F.3d at 732).

For the reasons discussed above, removal was proper pursuant to the Convention Act, and Louisiana law does not reverse-preempt the Act. Therefore, this Court has original jurisdiction over this case and the Policy's arbitration provision is not subject to Louisiana law. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand[98] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's and Motion to Invalidate the Arbitration Provision[99] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 16th   day of August, 2022.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[98] Rec. Doc. 7.

[99] Rec. Doc. 20.