UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KRONLAGE FAMILY LIMITED PARTNERSHIPS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1013** |
| **INDEPENDENT SPECIALTY INSURANCE CO. et al.** | **SECTION: "G"(5)** |

### ORDER AND REASONS

Before the Court is Plaintiff Kronlage Family Limited Partnerships' ("Plaintiff") "Motion to Dismiss with Prejudice Certain Underwriters at Lloyd's, London Entities" ("Motion to Voluntarily Dismiss Underwriters").[1] In the motion, Plaintiff seeks to dismiss with prejudice Defendant Certain Underwriters at Lloyd's and other Insurers Subscribing to Binding Authority Number B604510568622021 ("Underwriters"), who Plaintiff says "underwrote only 36% of the subject policy" in this insurance dispute.[2] Defendant Independent Specialty Insurance Co. ("ISIC") filed an untimely opposition to the Motion to Voluntary Dismiss Underwriters.[3] On October 7, 2022, the Court denied Plaintiff's moved to strike ISIC's opposition as untimely.[4] Plaintiff replies in further support of the motion.[5] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion. Specifically, the court

---

[1] Rec. Doc. 31.

[2] Rec. Doc. 31-1 at 3.

[3] Rec. Doc. 40. Pursuant to Local Rule 7.5, ISIC's opposition to the Motion to Voluntarily Dismiss Lloyd's was due on September 27, 2022. However, ISIC did not file the opposition until 4:38 AM on August 9, 2022.

[4] Rec. Doc. 51.

[5] Rec. Doc. 48.

1

finds that voluntary dismissal of Underwriters is improper because Plaintiff seeks both to avoid adverse rulings and to apply a body of law unfavorable to ISIC.

## I. Background

This litigation arises out of alleged damage to Plaintiff's property during Hurricane Ida.[6] Plaintiff filed a petition for damages against ISIC and Underwriters (collectively, "Defendants") in the Twenty-Fourth Judicial District Court for the Parish of Jefferson on March 15, 2022.[7] According to the petition, Plaintiff purchased an insurance policy from ISIC on April 6, 2021, insuring the properties located at 1801 and 1809 S. Sherwood Forest Blvd., Baton Rouge, LA 70816, against all risks of loss (the "Policy").[8] In the petition, Plaintiff avers that, on August 29, 2021, the property covered by the Policy was severely damaged by hurricane force winds sustained during Hurricane Ida.[9]

On April 14, 2022, Defendants removed the action to this Court, asserting subject matter jurisdiction based on a federal question under 28 U.S.C. §§ 1441 and 1446.[10] In the Notice of Removal, Defendants asserted that removal was proper because there is an arbitration provision in the Policy that falls under the Convention Act, 9 U.S.C. § 201, *et seq.* ("Convention Act").[11] "Congress promulgated the Convention Act in 1970 to establish procedures for our courts to implement" the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the

---

[6] Rec. Doc. 1-1 at 1.

[7] *Id*.

[8] *Id*. at 2.

[9] *Id*. at 3.

[10] Rec. Doc. 1 at 3.

[11] *Id.*

"Convention").[12] The Convention is an international treaty, ratified by Congress in 1970, which seeks to "encourage the recognition and enforcement of commercial contracts and to unify the standard by which the agreements to arbitrate are observed, and arbitral awards are enforced in signatory countries."[13] Therefore, Defendants averred in the Notice of Removal that, because Underwriters are a foreign corporation with its principle place of business in the United Kingdom, and because the United Kingdom signed the Convention, this Court has original jurisdiction under the Convention Act.[14]

Plaintiff then filed a motion to remand, arguing that removal was improper because it was based on an invalid arbitration provision and relied on the incorrect assumption that federal law preempts Louisiana insurance law.[15] Plaintiff also filed a motion to invalidate the arbitration provision in the Policy.[16] In its August 17, 2022 Order and Reasons, the Court denied both motions.[17] The Court explained that removal was proper pursuant to the Convention Act because the dispute relates to the arbitration agreement and, given that Underwriters are citizens of the United Kingdom, which is a signatory to the Convention, the arbitration agreement falls under the

---

[12] *McDermott Intern., Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1208 (5th Cir. 1991).

[13] *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15 (1974).

[14] *Id.* at 3–5. 9 U.S.C. § 205 states that "where a subject matter of an action or proceeding pending in State court relates to an arbitration agreement or award falling under the Convention, … the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States and division embracing the place where the action or proceeding is pending."

[15] *See* Rec. Docs. 7, 7-1.

[16] Rec. Doc. 20.

[17] Rec. Doc. 25.

Convention Act.[18] The Court also explained that Louisiana law does not reverse-preempt the Convention Act.[19]

On September 1, 2022, Plaintiff filed the Motion to Voluntarily Dismiss Underwriters.[20] On September 2, 2022, Plaintiff filed a "Motion to Reconsider Remand of Remaining Claims Against [ISIC] to State Court" ("Motion for Reconsideration").[21] Both motions were originally set for submission on September 21, 2022. On September 8, 2022, Plaintiff filed a motion to expedite the motions[22] and Defendants filed a motion for extension of time to respond to the motions.[23] On September 9, 2022, the Court granted Defendants' motion for extension of time and reset the submission date for both motions to October 5, 2022.[24] Thus, the Court denied Plaintiff's motion to expedite as moot.[25] ISIC filed an untimely opposition to the Motion to Voluntarily Dismiss Underwriters on September 28, 2022.[26] On October 7, 2022, the Court denied Plaintiff's motion to strike ISIC's opposition.[27] Plaintiff replies in further support of the motion.[28]

---

[18] *See id*. at 13–15.

[19] *See id*. at 16.

[20] Rec. Doc. 31.

[21] Rec. Doc. 32.

[22] Rec. Doc. 33.

[23] Rec. Doc. 35.

[24] Rec. Doc. 36.

[25] *Id*.

[26] Rec. Doc. 40.

[27] Rec. Doc. 51.

[28] Rec. Doc. 48.

## II. Parties' Arguments

### A.    *Plaintiff's Arguments in Support of the Motion to Voluntarily Dismiss Underwriters*

In the Motion to Voluntarily Dismiss Underwriters, Plaintiff provides no legal authority to support its request to dismiss Underwriters.[29] Plaintiff only argues that the Policy states that it should be treated as separate contracts between Plaintiff "and each of the [Defendants]" and that Underwriters "severally underwrote 36% of [the Policy]."[30] Therefore, Plaintiff "reserves its rights against [ISIC] to pursue the remaining 64% of coverage under the [Policy]" that ISIC underwrote.[31] Plaintiff avers that it then "will request the Court to reconsider and reverse its order denying remand in light of the dismissal of any and all foreign entities for whom this Court had determined that the [Convention] preserved the right to arbitrate this matter."[32] Thus, Plaintiff concludes that the Court should dismiss its claims against Underwriters with prejudice.[33]

### B.    *ISIC's Arguments in Opposition to the Motion to Voluntarily Dismiss Underwriters*

In opposition to Plaintiff's Motion to Voluntarily Dismiss Lloyd's, ISIC advances four arguments. First, ISIC avers that, although "Plaintiff attempts to argue there are separate contracts for each insurer . . ., there is only one set of coverage documents that comprise the [] Policy," and the Policy contains an arbitration provision. ISIC contends that the arbitration provision "applies verbatim to both [Underwriters and ISIC]."[34]

---

[29] *See* Rec. Doc. 31-1.

[30] *Id*. at 1.

[31] *Id*. at 2.

[32] *Id*.

[33] *Id*. at 3.

[34] Rec. Doc. 40 at 2–3.

Second, ISIC argues that "Plaintiff's allegations of concerted, interrelated conduct by Defendants equitably estop Plaintiff from avoiding arbitration with the domestic insurers" because, in the Petition, "Plaintiff alleges various acts and omissions by *all* Defendants collectively and without differentiation."[35] Furthermore, ISIC contends that "[i]t is irrelevant whether there is a single policy or separate policies as to each insurer" because ISIC "as non-signatories to the arbitration agreement between [Underwriters] and Plaintiff, may nonetheless invoke Convention arbitration under those agreements."[36] ISIC avers that "[t]he Fifth Circuit has held that allegations of interdependent and concerted misconduct between signatories and non-signatories to an arbitration agreement warrant the application of equitable estoppel in favor of the non-signatories" because "it would be fundamentally unfair to permit the plaintiff to avoid arbitration against the non-signatories."[37] Furthermore, ISIC argues that "[t]he Supreme Court has held that equitable estoppel applies to arbitration claims arising under the Convention."[38]

Third, ISIC avers that the Policy prohibits Plaintiff from dismissing Underwriters because the instant motion does not name every member of the Lloyd's syndicate at issue, as required by the Policy, but rather names only certain subscribing underwriters.[39] Thus, ISIC avers that the

---

[35] *Id*. at 3.

[36] *Id*. at 4.

[37] *Id*. at 4–5 (citing *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 527–28 (5th Cir. 2000)). ISIC argues that this Court followed *Grigson* in *Holts v. TNT Cable Contractors, Inc.*, No. 19-13546, 2020 U.S. Dist. LEXIS 37262 (E.D. La. Mar. 4, 2020). *See id.* at 5–6.

[38] *Id*. at 6 (citing *GE Energy Power Fr. SAS, Corp. v. Outokumpu Stainless USA, LLC*, 140 S. Ct. 1637 (2020)).

[39] *See id.* at 8.

6

instant motion "should be deemed deficient and be dismissed pursuant to [Federal Rule of Civil Procedure 12(b)] for failure to name the correct party/parties/names."[40]

Fourth, ISIC argues that Plaintiff's stated motivation for dismissing Underwriters—to avoid federal jurisdiction over this matter—is impermissible "gamesmanship" that "would result in legal prejudice to ISIC by depriving ISIC of relying upon the underlying contractual relationship between ISIC and [Underwriters], subjecting ISIC to potential bad faith claims in state court, and depriving ISIC of a valid, recognized alternative dispute resolution."[41] Alternatively, ISIC asks the Court to state that it will retain jurisdiction if it dismisses underwriters, pursuant to Federal Rule of Civil Procedure 41(a)(2).[42] ISIC contends that the Fifth Circuit has interpreted Rule 41(a)(2) to permit voluntarily dismissal only if it would "not result in prejudice to a non-moving party."[43] ISIC concludes that, because "Plaintiff is attempting nothing more than a 'fraudulent dismissal' made in an effort to deprive ISIC" of the Policy's arbitration provision and "purposefully designed to prejudice ISIC," the Court should deny the motion.[44]

C.     ***Plaintiff's Reply in Further Support of the Motion to Voluntarily Dismiss Underwriters***

In the reply, Plaintiff argues that the motion is not opposed by Underwriters, who is "the only party who could be affected by it."[45] Ironically and inaccurately, Plaintiff also avers that "ISIC has failed to provide any law or legal theory in favor of an opposition to this voluntary

---

[40] *Id*. at 9.

[41] *Id*.

[42] *Id*.

[43] *Id*. (citing *Bechuk v. Home Depot U.S.A.*, 814 F.3d 287, 298 (5th Cir. 2016)).

[44] *Id*. at 10.

[45] Rec. Doc. 48 at 1.

dismissal."[46] Finally, Plaintiff states that it has sued its insurance agent in state court for the inclusion of an arbitration provision in the Policy because "Plaintiff had the understanding there was no arbitration provision in [the Policy]."[47] Plaintiff concludes that it "has always wanted to avoid being forced into mandatory arbitration in another state" and so the "motion to dismiss should be granted, and this matter remanded."[48]

### III. Law and Analysis

Plaintiff moves to voluntarily dismiss Underwriters with prejudice, arguing that it can still preserve its claims against ISIC and that those claims should then be remanded to state court.[49] ISIC opposes the voluntary dismissal of Underwriters, arguing that such dismissal is improper under Federal Rule of Civil Procedure 41(a)(2) because it would unfairly prejudice ISIC as a non-moving party.[50] Although, Plaintiff does not cite any authority to support the voluntary dismissal of Underwriters, Federal Rule of Civil Procedure Rule 41(a) allows a plaintiff to voluntarily dismiss a defendant under certain conditions. Under Rule 41(a)(1), a plaintiff may voluntarily dismiss a defendant "without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared."[51] Defendants have already served an answer[52] and

---

[46] *Id*. at 2.

[47] *Id*.

[48] *Id*.

[49] Rec. Doc. 31-1 at 2.

[50] Rec. Doc. 40 at 9.

[51] Fed. R. Civ. P. 41(a)(1)(A)

[52] *See* Rec. Doc. 1-1 at 96.

8

Plaintiff does not provide a stipulation of dismissal signed by all parties. Therefore, Plaintiff must obtain a court order to dismiss Underwriters.

Rule 41(a)(2) states, in pertinent part, that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at plaintiff's request only by court order, on terms that the court considers proper."[53] The decision to grant or deny a motion to dismiss pursuant to Rule 41(a)(2) "is within the sound discretion of the trial court."[54] The Fifth Circuit instructs that "motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit."[55] The Fifth Circuit also endorses the denial of voluntary dismissal if approval could allow a plaintiff to select a different body of law unfavorable to the defendant's position"[56] or if the plaintiff is seeking to avoid an "adverse ruling."[57]

Applying these standards here, it is clear to the Court that Plaintiff seeks dismissal of Underwriters for the improper purposes of "select[ing] a different body of law unfavorable to [ISIC's] position" and to avoid an "adverse ruling."[58] Plaintiff expressly seeks to dismiss Underwriters so that it can subsequently request that the Court reconsider its previous Order and

---

[53] Fed. R. Civ. P. 41(a)(2). The Fifth Circuit has stated that "our circuit precedents interpret 'action' to cover individual defendants—thus allowing plaintiffs…to use Rule 41(a) to dismiss individual defendants." *Williams v. Seidenbach*, 958 F.3d 341, 345 (5th Cir. 2020).

[54] *Snow Ingredients, Inc. v. SnoWizard, Inc.*, No. 12-1412, 2015 WL 1765230, at *1 (E.D. La. Apr. 17, 2015) (Brown, J.) (internal citations omitted).

[55] *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).

[56] *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 175 (5th Cir. 1990).

[57] *In re FEMA Trailer Formaldahyde Prods. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010).

[58] *See id; see also Manshack*, 915 F.2d at 175.

Reasons[59] denying Plaintiff's motion to remand "in light of the dismissal of any and all foreign entities."[60] In fact, Plaintiff has now filed the Motion for Reconsideration.[61] In other words, Plaintiff seeks to circumvent a previous adverse ruling on its first motion to remand and avoid a similar ruling on its Motion for Reconsideration.[62] Furthermore, Plaintiff seeks remand to avoid the application of the Convention Act to the Policy's arbitration provision. As ISIC states, this is an effort "purposefully designed to prejudice ISIC" by depriving it of the benefits of an arbitration provision to which Plaintiff agreed.[63] The Court cannot grant a motion for voluntary dismissal driven by such transparently improper motives. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Voluntarily Dismiss Underwriters[64] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this __18th__ day of October, 2022.

                                                **NANNETTE JOLIVETTE BROWN**
                                                **CHIEF JUDGE**
                                                **UNITED STATES DISTRICT COURT**

---

[59] Rec. Doc. 25.

[60] Rec. Doc. 31-1 at 2.

[61] Rec. Doc. 32.

[62] *See* Rec. Doc. 32.

[63] Rec. Doc. 40 at 10.

[64] Rec. Doc. 31.